

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00741-CR

The **STATE** of Texas,
Appellant

v.

Perfecto **TREJO-RUBIO**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 11,802
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: September 27, 2023

AFFIRMED

The State appeals the trial court's September 16, 2022 order granting Perfecto Trejo-Rubio's habeas relief. We affirm the trial court's order.

As part of Operation Lone Star ("OLS"), Trejo-Rubio, a noncitizen, was arrested for trespassing on private property in Zapata County. He filed an application for writ of habeas corpus seeking dismissal of the criminal charge for violation of his rights under the Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 3(a). Specifically, Trejo-Rubio argued the State's selective

prosecution of men, and not similarly-situated women, for criminal trespass as part of OLS violated his state and federal equal protection rights.

On September 14, 2022, the trial court held an evidentiary hearing on Trejo-Rubio's selective prosecution claim. Claudia Molina of the Lubbock Private Defender's Office ("LPDO") testified as to the process through which an individual who is arrested for criminal trespass as part of OLS obtains appointment of counsel. She testified the LPDO was awarded a grant by the Texas Indigent Defense Commission to appoint counsel to represent individuals who, as part of OLS, have been brought before a magistrate or are being held at detention facilities. Molina testified she has handled over a thousand calls as a client advocate, conducted Zoom meetings with clients, and visited clients in jail. Further, she testified that she observes court proceedings related to OLS cases on a weekly basis.

Molina generated a report of OLS cases where counsel was appointed through the LPDO. Molina testified that as of the habeas hearing, the LPDO had a record of about 6,020 OLS cases and, of those, about 5,000 cases related to an individual being arrested for misdemeanor trespass. Further, of those 5,000 cases, none of the individuals arrested were women. Molina testified she is unaware of any woman being prosecuted for misdemeanor trespass as part of OLS. With regard to Zapata County specifically, Molina testified the LPDO received its first magistration packet related to an OLS arrest in Zapata County on August 6, 2022.

Molina testified that on August 5, 2022, Trejo-Rubio was arrested for criminal trespass as part of OLS. Molina confirmed that there were no women charged with trespass along with Trejo-Rubio during the week of his arrest. According to Molina, as part of OLS, women have been charged only in felony human smuggling cases. The trial court granted Trejo-Rubio's requested relief, and the State appealed.

The habeas proceeding in this appeal occurred concurrently with the proceeding we reviewed in *State v. Del Campo-Chavez*, No. 04-22-00737-CR, 2023 WL 4916433, at *1 (Tex. App.—San Antonio Aug. 2, 2023, no pet. h.). On appeal, the State asserts the same arguments that it asserted in that appeal. *See id*. at *2-3. Because this appeal involves the same arguments and same evidentiary record as *State v. Del Campo-Chavez*, for the reasons explained in that opinion, we affirm the trial court's order granting habeas relief. *See id.*

Liza A. Rodriguez, Justice

Do not publish